*est factum* sworn to, and upon trial a verdict was found for the defendants, and judgment rendered against plaintiff for costs. From all the evidence in relation to the genuineness of the signature of Newark Lax upon the note, the court is of opinion the jury were fully justified in finding his signature thereto a forgery, and it follows as a necessary consequence that the whole case fails, and errors in other branches of the case are immaterial. Judgment affirmed. Opinion by CONGER, J. Judge below, CYRUS EPLER. Attorneys, for appellant, Messrs. MORRISON & WHITLOCK; for appellee, Messrs. BARNES & CALLON. Opinion filed Dec. 4, 1885. ·

No. 65. Indiana, Bloomington & Western Ry. Co. v. John W. James et al. An action by a shipper against a railroad company for injury to cattle shipped from Olney, Ill., to Green Springs, Ohio, caused as alleged while the cars containing the stock were in the yards at Springfield, Ohio, by a switch engine of appellant which was running at the rate of twenty-five or thirty miles an hour, colliding with the cars and throwing the stock against the cars by which they trampled upon each other and were injured; appellant denied the collision and contended the injury was due to the restlessness of the stock; no question of law is raised, the contest being upon questions of fact. As the evidence was conflicting, it was the peculiar province of the jury to determine the weight and credit to be given to the testimony of the various witnesses, and their verdict for the shipper is undisturbed. Opinion by CONGER, J. Judge below, J. W. LANGLEY. Attorneys, for appellant, Messrs. GERE & BEARDSLEY; for appellee, Mr. J. M. WRIGHT. Opinion filed Dec. 4, 1885.

No. 24. C. Aultman & Co. v. G. A. Van Duyn & Co. A suit to recover the purchase price of certain machinery which it is alleged defendants in error—as the agents of plaintiffs in error—sold to E. DeGoria, and for which they failed to take proper steps to secure the payment from DeGoria whereby the purchase price was wholly lost. The duties of the agents were clearly set forth in a written contract. It was the duty of the jury, under proper instructions to find, first, whether the agents made the sale, and if so, whether they did or did not perform their duty in substan-